*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

(*In Equity.*)

## LEWIS C. DOUGHERTY, Exr., SAMUEL J. POTTS, Trustee *v.* MARGARET MURPHY.

It is too late to amend a bill in equity, after bill, answer, replication, reference to a master, and examination of witnesses.

Opinion by

PERSHING, J.  In this case there has been a bill, answer, replication, and reference to a master, by whom the testimony of the witnesses on the part of the complainants, has been taken.  It is now proposed to amend 8th paragraph of the bill by striking out certain words and inserting others in their place.  Can this be done?  The 50th rule of equity practice forbids a plaintiff from withdrawing his replication, for the purpose of amending the bill, except upon an order of a law judge of the court, upon notice to the other parties, &c., and, as we understand the rule, upon proof by affidavit that the matter of the proposed amendment could not with reasonable diligence have been sooner introduced into the bill  The plaintiffs have not offered to withdraw the replication, nor is it claimed that the reasonable diligence required by the rule has been exercised.  The amendment proposed consists of matter which has all along rested in the knowledge of the plaintiffs, and the defect in the 8th paragraph in complainant's bill was indicated in the opinion of the court, heretofore filed in a preliminary stage of this case, and afterwards in the answer of the defendant.  Anything like reasonable diligence would have informed the complainants of the necessity of the amendment now proposed, before the replication was filed, and the appointment of a master.  When the complainant  files a replication to the answer after he is apprised of the necessity of an amendment to his bill, he precludes himself from making such amendment.  1 Smith's Chan. Pr. 299 n.

Chancellor Kent, in the case of Thorn *v.* Germond, 4 Johns Ch. R. 363, held that it was a fatal objection to a motion to amend that a single witness had been examined in the cause.  He says: "After replication filed, the bill cannot be amended, but in withdrawing the replication; and the materiality of the amendment, and the reason for its not being stated before, must be shown satisfactorily to the court.  If a witness has been examined, the pleadings cannot be altered but under very special circumstances, except to add parties."

The bill cannot properly be amended when the parties are at issue and witnesses have been examined, Dan. Ch. Pr. 1654, cited in Brightly's Eq. §824.  The affidavit to support the application for amendment must set forth its materiality and that it could not with reasonable diligence have been introduced.  Smith's Chan. Pr. 299 ; 2 Johns. Ch. R. 426.  No such affidavit has been filed in connection with this applica-

tion. It thus appears from the authorities that if every other obstacle were out of the way, the fact that witnesses have been examined by the master appointed by the court in this case is fatal to his motion.

We have not overlooked the act of 20th May, 1864, the second section of which (Purd. Dig. 601 pl. 71,) provides that "In all proceedings in equity, according to equity forms, the several district courts, and courts of common pleas in this commonwealth, may permit, at their discretion, and when in their opinion the same will affect the merits of the matter in controversy, and expedite justice, amendments to be made in bills, answers, pleas, or other matters, in the same manner as now obtains in common law cases and practice, &c." Without discussing the extent to which amendments could be made under the statutes in existence at the time of the passage of this act, we are of the opinion that no one of them, nor all together, would cover the amendment which complainants now ask to have inserted in their bill. Permission to amend is therefore refused.

*W. F. Shepherd*, and *John W. Ryon*, Esqs., for plaintiff; Messrs. *Hughes & Farquhar*, for defendant.